```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

ELIZABETH H. WALES,              )
    Plaintiff,                   )
                                 )
        v.                      ) C.A. No. 11-10664-MLW
                                 )
INDYMAC MORTGAGE SERVICES,       )
A DIVISION OF ONEWEST BANK, FSB, )
    Defendant.                   )

ORDER

WOLF, D.J.                                            August 13, 2012

    For the reasons stated at the August 13, 2012 hearing, it is hereby ORDERED that:

    1. This case is no longer STAYED.

    2. Plaintiff's Motion for Leave to File First Amended Complaint (Docket No. 19) is ALLOWED because it is not futile. Plaintiff has stated a plausible claim for a violation of M.G.L. c. 93A against Onewest. See Morris v. BAC Home Loans Servicing L.P., 775 F. Supp. 2d 255, 259 (D. Mass. 2011) (Saris, J.); Okoye v. Bank of New York Mellon, 2011 WL 3269686, at *8-9 (D. Mass. July 28, 2011) (Woodlock, J.). Plaintiff has also stated plausible claims for negligence and breach of the implied covenant of good faith and fair dealing against Onewest. In addition, plaintiff has stated plausible claims for violations of the Fair Debt Collection Practices Act and M.G.L. c. 93A against Orlans Moran.

    3. Onewest's Cross Motion to Dismiss for Lack of Jurisdiction (Docket No. 20) is DENIED, because the court has federal question jurisdiction over the claim against Orlans Moran for violations of

the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., and it is appropriate for the court, in its discretion, to exercise supplemental jurisdiction over the remaining state-law claims against Onewest and Orlans Moran. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966); Godin v. Schencks, 629 F.3d 79, 83 (1st Cir. 2010).

    4. Plaintiff shall file the Amended Complaint by August 16, 2012.

    5. By August 24, 2012, the parties shall confer and report to the court, jointly if possible but separately if necessary, whether they have reached an agreement to settle this case.

    6. If the case is not settled, the parties shall comply with the attached Scheduling Order.

        /s/ Mark L. Wolf
        UNITED STATES DISTRICT JUDGE